**E-FILED**
Wednesday, 18 December, 2013  03:15:00 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | |
|---|---|
| **EDDIE WILLIS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **No.: 13-2193-CSB-DGB** |
| ) | |
| ) | |
| **DOCTOR PAUL TALBOT,** ) | |
| **MARY MILLER, S.A. GODINEZ,FABIAN** ) | |
| **WITHERSPOON, WEXFORD HEALTH** ) | |
| **SOURCES, INC., and ILLINOIS** ) | |
| **DEPARTMENT OF CORRECTIONS,** ) | |
| ) | |
| **Defendants.** ) | |

**MERIT REVIEW OPINION**

**COLIN S. BRUCE, U.S. District Judge:**

This cause is before the Court for a merit review, pursuant to 28 U.S.C. § 1915A, of

Plaintiff Eddie Willis' claims.  Willis has also asked the Court for a temporary restraining order

or a preliminary injunction.

**I.**
**MERIT REVIEW UNDER 28 U.S.C. § 1915(A)**

Under 28 U.S.C. § 1915(e)(2) and § 1915A, the Court is required to carefully screen a

complaint filed by a plaintiff who seeks to proceed in forma pauperis.  The Court must dismiss a

complaint, or a portion thereof, if the plaintiff has raised claims that are legally "frivolous or

malicious," that fails to state a claim upon which relief may be granted, or that seeks monetary

relief from a defendant who is immune from such relief. *Id*.  The test for determining if an action

is frivolous or without merit is whether the plaintiff can make a rational argument on the law or

facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint fails to

state a claim for relief if the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

In reviewing the complaint, the Court accepts the factual allegations as true and liberally construes them in plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Conclusory statements and labels are insufficient. Fed. R. Civ. P. 8; *Schatz v. Republican State Leadership Comm.,* 669 F.3d 50, 55 (1st Cir. 2012)(holding that, in order to determine if a complaint states a plausible claim, the court must take non-conclusory, non-speculative facts as true, draw all reasonable inferences in the pleader's favor, and isolate and ignore statements that simply rehash claim elements or offer only legal labels and conclusions).  Instead, sufficient facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(internal quotation omitted).

## II.
## ANALYSIS

### A.      Willis' factual allegations are insufficient to state a cause of action upon which relief can be granted.

Willis has filed the instant suit alleging violations of his Eighth Amendment right to be free from cruel and unusual punishment and violations of his rights under Illinois law.  As for his constitutional claim that he asserts under 42 U.S.C. § 1983, Willis alleges that Defendants Dr. Paul Talbot and Nurse Fabian Witherspoon misdiagnosed and mistreated his diarrhea and that this misdiagnosis and mistreatment caused him to suffer pain and embarrassment.

On February 17, 2013, Willis visited the Health Care Unit in the Danville Correctional Center (where Willis is currently housed) due to suffering from diarrhea.  The next day, Willis gave a stool sample to Dr. Talbot who prescribed antibiotics because Dr. Talbot believed that

2

Willis was suffering from an infection that was causing the diarrhea.  However, Willis' diarrhea became worse.

On March 4, 2013, Willis again visited the Health Care Unit, and Nurse Witherspoon diagnosed him as being lactose intolerant.  Nurse Witherspoon prescribed a generic form of Pepto-Bismol tablets for Willis, but Willis alleges that Nurse Witherspoon instructed him to take more pills than the recommended dosage on the pill box.  Willis contends that Nurse Witherspoon and Dr. Talbot should have prescribed a diet of yogurt because, according to Willis, it is the recommended treatment after antibiotic therapy.

On March 7, 2013, Willis again visited the Health Car Unit because the prescribed pills were not remedying his diarrhea.  Nurse Witherspoon then prescribed medication outside of the specified time limit recommended by the manufacturer.

On March 11, 2013, Willis was experiencing diarrhea ten to fifteen times a day, and Nurse Witherspoon told Willis to take the whole box of generic Pepto-Bismol regardless of the instructions on the box.  When Willis told Nurse Witherspoon of the recommended treatment of yogurt, Nurse Witherspoon advised him that it was not their policy to provide yogurt, and she suggested that he ask the commissary to begin selling it.

Willis contends that Defendants Wexford Health Sources, Inc., and the Illinois Department of Corrections ("IDOC") maintained a policy of failing to analyze stool samples in order to save money and that, had Dr. Talbot or Nurse Witherspoon done so, they could have discovered his lactose intolerance sooner and may have discovered other medical conditions from which he is suffering.  Willis further alleges that Defendant Mary Miller, as the Health Care Administrator at the Danville Correctional Center, and Defendant S.A. Godinez, as the head of IDOC are liable to him for carrying out the IDOC and Wexford Health's unconstitutional, cost-

saving policies.  Accordingly, Wills asserts that Defendants are liable to him for violating his Eighth Amendment rights by denying him needed attention for his serious medical issue.

In Count II of his Complaint, Willis alleges that Defendants maintain unconstitutional policies that deprive prisoners of their constitutional rights.  Willis also contends that Defendants failed to proper train and supervise employees at the Health Care Unit at the Danville Correctional Center.  Accordingly, Willis seeks declaratory relief, monetary damages, and a temporary restraining order or permanent injunction the compels the IDOC to provide certain medical treatment for those who experience symptoms and experience the conditions that he did, including providing these inmates with yogurt to combat their illness rather than the generic form of Pepto-Bismol.

**B.  Willis has failed to allege that Defendants violated his Eighth Amendment rights.**

The Eighth Amendment prohibits punishments that are incompatible with "evolving standards of decency that mark the progress of a maturing society." *Trop v. Dulles*, 356 U.S. 86, 101 (1958).  "The Eighth Amendment safeguards the prisoner against a lack of medical care that may result in pain and suffering which no one suggests would serve any penological purpose." *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011)(internal quotations and footnote omitted). "Prison officials violate the Constitution if they are deliberately indifferent to prisoners' serious medical needs." *Id.* (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 828 (7th Cir. 2009)("Deliberate indifference to serous medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain forbidden by the Constitution."); *Walker v. Benjamin*, 293 F.3d 1030, 1036-37 (7th Cir. 2002)(noting that the Eighth Amendment applies to the states through the Fourteenth Amendment).

The deliberate indifference standard requires an inmate to clear a high threshold in order to maintain a claim for cruel and unusual punishment under the Eighth Amendment. *Dunigan ex rel. Nyman v. Winnebago County*, 165 F.3d 587, 590 (7th Cir. 1999). "In order to prevail on a deliberate indifference claim, a plaintiff must show (1) that his condition was 'objectively, sufficiently serious' and (2) that the 'prison officials acted with a sufficiently culpable state of mind." *Lee v. Young*, 533 F.3d 505, 509 (7th Cir. 2008)(quoting *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005)); *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008)(same). "A medical condition is serious if it 'has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention.'" *Lee*, 533 F.3d at 509 (quoting *Greeno,* 414 F.3d at 653). "With respect to the culpable state of mind, negligence or even gross negligence is not enough; the conduct must be reckless in the criminal sense." *Id.*; *Farmer v. Brennan*, 511 U.S. 825, 836-37 (1994)("We hold . . . that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference.").

In other words,

> [d]eliberate indifference is not medical malpractice; the Eighth Amendment does not codify common law torts. And although deliberate means more than negligent, it is something less than purposeful. The point between these two poles lies where the official knows of and disregards an excessive risk to inmate health or safety or where the official is both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he . . . draw the inference. A jury can infer deliberate indifference on the basis of a physician's treatment decision when the decision is so far afield of accepted professional standards as to raise the inference that it was not actually based on a medical judgment.

5

*Duckworth*, 532 F.3d at 679 (internal quotations and citations omitted).  The Seventh Circuit has

cautioned, however, that "[a] prisoner [] need not prove that the prison officials intended, hoped

for, or desired the harm that transpired.  Nor does a prisoner need to show that he was literally

ignored.  That the prisoner received some treatment does not foreclose his deliberate indifference

claim if the treatment received was so blatantly inappropriate as to evidence intentional

mistreatment likely to seriously aggravate his condition." *Arnett*, 658 F.3d at 751 (internal

citations and quotations omitted).

In the instant case, Willis has failed to state a cause of action upon which relief can be

granted for deliberate indifference to a serious medical need.  Specifically, Willis has failed to

demonstrate that his condition was objectively, sufficiently serious, and he has failed to

demonstrate that Defendants acted with a sufficiently culpable state of mind. *Lee*, 533 F.3d at

509.  Accordingly, the Court dismisses Count I of his Complaint.[1]

At most, Willis has alleged that Dr. Talbot and Nurse Witherspoon engaged in

malpractice.  Throughout his Complaint, Willis accuses them of misdiagnosis, negligence, and

improper treatment.  These actions might constitute negligence or malpractice, but they are

insufficient to establish deliberate indifference. *Duckworth*, 532 F.3d at 679.  "A prisoner has the

right to medical care, however, he does not have the right to determine the type and scope of the

medical care he personally desires." *Carter v. Ameji*, 2011 WL 3924159, * 8 (C.D. Ill. Sept. 7,

2011)(citing *Coppinger v. Townsend*, 398 F.3d 392, 394 (10th Cir. 1968)).  "The Eighth

---

[1]  To the extent that Willis is alleging that the treatment that he received was so blatantly
inappropriate as evidence of intentional mistreatment likely to seriously aggravate his condition,
his allegations are belied by the attachments to his Complaint.  When documents attached to a
complaint contradict the complaint's allegations, the attachments trump the allegations. *Massey
v. Merrill Lynch & Co., Inc.*, 464 F.3d 642, 645 (7th Cir. 2006); Fed. R. Civ. Pro. 10(c);
*McCready v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007)(even a pro se plaintiff may plead himself
out of court).

Amendment does not require that prisoners receive unqualified access to healthcare. Rather, inmates are entitled only to adequate medical care." *Leyva v. Acevedo*, 2011 WL 1231349, * 10 (C.D. Ill. Mar. 28, 2011)(internal quotations omitted).

"Further, a difference of opinion between a physician and the patient does not give rise to a constitutional right, nor does it state a cause of action under § 1983." *Carter*, 2011 WL 3924159 at * 8. "A prisoner's dissatisfaction with a doctor's prescribed course of treatment does not give rise to a constitutional claim unless the medical treatment is so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate the prisoner's condition." *Snipes v. Detella,* 95 F.3d 586, 592 (7th Cir. 1996). The Court cannot say that Willis' allegations are anything more than a disagreement with his treatment and a desire for different treatment, but those allegations are insufficient to state a cause of action upon which relief can be granted for violating his Eighth Amendment rights.[2]

Furthermore, Defendants Miller, Wexford Health, IDOC, and Godinez cannot be held directly liable for Willis' alleged constitutional deprivations because they did not have any personal involvement in his treatment. "[I]ndividual liability under § 1983 requires 'personal involvement in the alleged constitutional deprivation.'" *Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010)(quoting *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003)). Indeed, the United States Court of Appeals for the Seventh Circuit has explained that the doctrine of *respondeat superior* (a doctrine whereby a supervisor may be held liable for an employee's

---

[2]  It is also doubtful that Willis' allegations are sufficient to establish the other prong necessary to his claim: that his condition was objectively, sufficiently serious. *Lee*, 533 F.3d at 509. Although being lactose intolerant may have some long lasting or permanent effects if not properly treated, experiencing some diarrhea as a result for a couple of months may not rise to the level of a constitutional violation. *Jackson v. Pollion*, 733 F.3d 786, 790 (7th Cir. 2013)("No matter how serious a medical condition is, the sufferer from it cannot prove tortious misconduct (including misconduct constituting a constitutional tort) as a result of failure to treat the condition without providing evidence that the failure caused injury or a serious risk of injury.").

actions) has no application to § 1983 actions. *Gayton v. McCoy*, 593 F.3d 610, 622 (7th Cir. 2010). Instead, in order for a supervisor to be held liable under § 1983 for the actions of his subordinates, the supervisor must "approve[] of the conduct and the basis for it." *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001); *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)("An official satisfies the personal responsibility requirement of section 1983 . . . if the conduct causing the constitutional deprivation occurs at [his] direction or with [his] knowledge and consent.")(internal quotation omitted). "[S]upervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference." *Backes v. Village of Peoria Heights, Illinois*, 662 F.3d 866, 870 (7th Cir. 2011) (quoting *Chavez*, 251 F.3d at 651)). "In short, some causal connection or affirmative link between the action complained about and the official sued is necessary for § 1983 recovery." *Gentry*, 65 F.3d at 561.

Here, Defendants Miller, Wexford Health, IDOC, and Godinez cannot be held liable because administrators are permitted to rely on the judgment of medical professionals. *Blankenship v. Obaisi*, 2011 WL 4478130, * 3 (7th Cir. Sept. 28, 2011)(citing cases); *Heard v. Sheahan*, 2005 WL 2030660, * 2 (7th Cir. Aug. 24, 2005)(same). Although Willis alleges that Defendants maintained a policy or practice sufficient to impose liability, his allegation that they maintained a policy or practice to deprive inmates of their constitutional rights is conclusory and is not plausible. *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678-79; *Schatz,* 669 F.3d at 55.

Finally, IDOC and Wexford's alleged policy of saving money cannot subject them to liability in this case because that policy did not result in a constitutional deprivation of Willis' Eighth Amendment rights. "To establish municipal liability, a plaintiff must show the existence of an 'official policy' or other governmental custom that not only causes but is the 'moving

force' behind the deprivation of constitutional rights." *Teesdale v. City of Chicago*, 690F.3d 829, 833 (7th Cir. 2012)(quoting *Estate of Sims v. County of Bureau*, 506 F.3d 509, 517 (7th Cir. 2007)). "A plaintiff can establish an official policy through '(1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final decisionmaking authority.'" *Teesdale*, 690 F.3d at 834 (quoting *Sims*, 506 F.3d at 515).

As explained *supra*, Defendants did not violate Willis' Eighth Amendment rights. Willis received medical care from Dr. Talbot and from Nurse Witherspoon; Willis just disagrees with their course of treatment. Willis' allegation (that, had IDOC and Wexford Health not maintained a policy of discouraging medical tests on stool samples in order to save money, the medical professionals would have potentially discovered other abnormalities) is simply too speculative to support Willis' § 1983 claim. Accordingly, Count I of Willis' Complaint is dismissed for failure to state a cause of action upon which relief can be granted.

**C.      The Court declines to exercise jurisdiction over Count II of Willis' Complaint.**

As for Count II of Willis' Complaint, the Court declines to exercise supplemental jurisdiction over it. To the extent that Count II attempts to assert an Eighth Amendment violation against Defendants based upon a policy or practice, Count II fails to state a cause of actions for the reasons discussed *supra*.

On the other hand, to the extent that Count II attempts to assert a state law claim against Defendants for negligent hiring or negligent supervision, the Court declines to exercise supplemental jurisdiction over those claims. The Seventh Circuit has explained that, generally, district courts should dismiss, without prejudice, supplemental state law claims once all of the

federal claims have been dismissed. *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999).

Although exceptions to this general proposition exist, *Wright v. Associated Ins. Cos., Inc.*, 29

F.3d 1244, 1251 (7th Cir. 1994)(setting forth the exceptions), none of those exceptions is relevant

here.  Accordingly, the Court dismisses Willis' supplemental state law claim without prejudice.

> **D.      Willis is not entitled to a TRO or preliminary injunction.**

Finally, the Court denies Willis' request and motion for a preliminary injunction.  The

standards for entering a temporary restraining order are identical to those for entering a

preliminary injunction. *Anthony v. Village of South Holland*, 2013 WL 5967505, * 2 (N.D. Ill.

Nov. 8, 2013).  "To obtain a preliminary injunction, the moving party must show that its case has

'some likelihood of success on the merits' and that it has 'no adequate remedy at law and will

suffer irreparable harm if a preliminary injunction is denied.'" *Stuller, Inc. v. Steak N Shake*

*Enter., Inc.*, 695 F.3d 676, 678 (7th Cir. 2012) (quoting *Ezell v. City of Chicago*, 651 F.3d 684,

694 (7th Cir. 2011).

If the moving party meets these threshold requirements, the district court "must consider

the irreparable harm that the nonmoving party will suffer if preliminary relief is granted,

balancing such harm against the irreparable harm the moving party will suffer if relief is denied."

*Ty, Inc. v. Jones Group, Inc.*, 237 F.3d 891, 895 (7th Cir. 2001).  The district court must also

consider the public's interest in an injunction. *Id*.

In this balancing of harms, the district court must weigh these factors against one another

"in a sliding scale analysis." *Christian Legal Soc'y v. Walker*, 453 F/3d 853, 859 (7th Cir. 2006).

"The sliding scale approach is not mathematical in nature, rather 'it is more properly

characterized as subjective and intuitive, one which permits district courts to weigh the

competing considerations and mold appropriate relief.'" *Ty, Inc.*, 237 F.3d at 895-96 (quoting

*Abbot Labs. v. Mead Johnson & Co.*, 971 F.2d 6, 12 (7ᵗʰ Cir. 1992)).

Here, Willis is not entitled to preliminary relief because he has not shown that he is likely to succeed on the merits of his claim.  Indeed, after conducting this merit review, the Court has determined that Willis' Complaint fails to state a cause of action upon which relief can be granted. 28 U.S.C. § 1915A.  Accordingly, the Court denies Willis' request for preliminary injunctive relief.

**IT IS, THEREFORE, ORDERED that:**

1.      Plaintiff Eddie Willis' request for a temporary restraining order or a preliminary injunction [D/E 4] is DENIED.

2.      Plaintiff Eddie Willis' Complaint is dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A.  Any further amendment to the Complaint would be futile because Plaintiff's claim is not cognizable.

3.      This dismissal shall count as one of Willis' three allotted "strikes" pursuant to 28 U.S.C. § 1915(g).

4.      If Willis wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a).  A motion for leave to appeal in forma pauperis should set forth the issues he plans to present on appeal. Fed. R. App. P. 24(a)(1)(C).  If Willis does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

5.      **This case is, therefore, closed, and the clerk is directed to enter a judgment pursuant to Federal Rule of Civil Procedure 58.  The Clerk of the Court is directed to record Plaintiff's strike in the three-strike log.  All pending motions are DENIED as moot.**

11

Entered this 18th day of December 2013.


      /s Colin S. Bruce
COLIN S. BRUCE
UNITED STATES DISTRICT JUDGE